# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| KENDRA BEARSS,<br><br>    Plaintiff,<br><br>v.<br><br>USAA FEDERAL SAVINGS BANK,<br><br>    Defendant. | Case No.:    1:19-cv-00337<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **TCPA, 47 U.S.C. § 227,**<br>2. **Invasion of Privacy - Intrusion Upon Seclusion** |

## COMPLAINT FOR DAMAGES

Plaintiff, Kendra Bearss ("Plaintiff"), through her attorneys, alleges the following against USAA Federal Savings Bank, ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of

Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Kent County, State of Michigan.

7. Defendant USAA is a creditor engaged in the business of giving consumer loans with its principal place of business located in San Antonio, Texas. USAA can be served with process at 9800 Fredericksburg Rd, San Antonio, TX 78288.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In or around September of 2018, Defendant began placing calls to Plaintiff's cellular phone, ending in (XXX) XXX-3405, in an attempt to collect an alleged debt.

10. The calls placed by Defendant mainly originated from (800) 531-0378.

11. On or about September 19, 2018, at 10:27 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (800) 531-0378.

12. Defendant informed Plaintiff that it was attempting to collect a debt relating to her USAA Savings Bank account.

13. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

14. On or about November 8, 2018, at 11:19 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (800) 531-0378.

15. Defendant informed Plaintiff that it was attempting to collect a debt relating to her USAA Savings Bank account.

16. Plaintiff unequivocally revoked consent to be called any further. Plaintiff further explained that she was unable to make a payment and was experiencing post-partum depression. Despite Plaintiff's second request not to be contacted, Defendant continued to call.

17. On or about November 29, 2018, at 1:07 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (800) 531-0378.

18. Defendant informed Plaintiff that it was attempting to collect a debt relating to her USAA Savings Bank account.

19. Plaintiff unequivocally revoked consent to be called any further. Plaintiff explained to Defendant USAA's representative that she had already requested that the calls stop on two prior occasions. Despite Plaintiff's third request not to be contacted, Defendant continued to call Plaintiff.

20. On or about March 22, 2019, at 11:13 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (800) 531-0378.

21. Defendant informed Plaintiff that it was attempting to collect a debt relating to her USAA Savings Bank account.

22. Plaintiff unequivocally revoked consent to be called any further. Plaintiff reiterated to Defendant USAA's representative that she has made several requests not to be contacted by phone. Despite Plaintiff's fourth request not to be contacted, Defendant continued to call.

23. Defendant's harassing calls continued until March 30, 2019.

24. Between September 18, 2018 and March 30, 2019, Defendant called Plaintiff no less than three hundred fifty-four (354) times.

25. Defendant regularly called Plaintiff three (3) times per day and on occasions up to four (4) times a day.

26. Many times, when Plaintiff answered calls from Defendant, there was a pre-recorded message or no person on the phone.

27. Plaintiff gave birth to her daughter in February of 2018 and took a leave of absence for three (3) months. Plaintiff did not acquire enough sick or personal time to cover the entire period and was forced to go without pay for one month. The shortage of income caused her to fall behind on her financial obligations.

28. Plaintiff informed Defendant that after giving birth in February 2018, she was undergoing treatment for post-partum depression.

29. Plaintiff, after returning to work, shifted to part-time at work as a TSO agent with the Department of Homeland Security. The reduced hours and pay further made it difficult for Plaintiff to stay current on her bills.

30. As a result of her post-partum depression, Plaintiff was admitted to the hospital as a partial mental health patient from November 2, 2018 to November 9, 2018. During this period, Plaintiff was receiving calls while at the hospital.

31. Plaintiff's typical day begins at 4 a.m. and gets to sleep by 8 p.m. Plaintiff often received phone calls from Defendant after 8 p.m., constantly disrupting her sleep.

32. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish, stress, and lack of sleep.

## COUNT I
### Defendant USAA's Violations of the TCPA, 47 U.S.C. § 227

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions,

Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

35. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**Defendant USAA's Invasion of Privacy
(Intrusion upon Seclusion)**

36. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

37. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b. Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

    c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Kendra Bearss, respectfully requests judgment be entered against Defendant for the following:

    A. Declaratory judgment that Defendants violated the TCPA;

    B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

    C. Actual and punitive damages resulting from the invasion of privacy;

    D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    E. Any other relief that this Honorable Court deems appropriate.

//

//

//

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

                                  RESPECTFULLY SUBMITTED,

                                  CHAMI LAW, PLLC

Date: April 30, 2019                By: */s/Tarek N. Chami*
                                                Tarek N. Chami, P76407
                                                CHAMI LAW, PLLC
                                                22000 Michigan Ave, Suite 200
                                                Dearborn, MI 48124
                                                T: (313) 444-5029
                                                F: (888) 428-7911
                                                tarek@chamilawpllc.com
                                                *Attorney for Plaintiff*
                                                *Kendra Bearss*